# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO SIERRA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-208 |
| JOHN DANERI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This prisoner civil rights action was commenced on July 24, 2019 with the filing of Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 1, and the lodging of a complaint against Defendants John Daneri (the District Attorney of Erie County), Tom Wolf (Governor of the Commonwealth of Pennsylvania), Josh Shapiro (Pennsylvania's Attorney General), and Michael Clark (Warden of the State Correctional Institution at Albion ("SCI-Albion")). *See* ECF No. 1-1. The complaint seeks redress under 42 U.S.C. §1983 for the alleged violations of Plaintiff's rights under the First, Sixth and Fourteenth Amendments to the U.S. Constitution.

By way of relevant background, the Court notes that Plaintiff is an inmate at SCI-Albion and is serving a prison sentence imposed in 1998 by the Lebanon County Court of Common Pleas. According to Plaintiff, his state sentence is illegal because the predicate crime – criminal attempt to commit third degree murder -- is not crime that is recognized under Pennsylvania law. *See id.* ¶12. This civil action arises from Plaintiff's unsuccessful attempts to collaterally attack his state conviction and sentence through the filing of a "Prerogative Writ" on March 16, 2016 in the Erie County Court of Common Pleas. Plaintiff contends that the Defendants' actions and

1

inactions in connection with those proceedings violated his constitutional rights and prevented him from rectifying the injustice of his unlawful sentence. In particular, Plaintiff appears to be complaining that the Defendants wrongfully made it appear in the state court proceeding that Plaintiff's underlying conviction was for attempted homicide, rather than (the non-existent crime) attempted third-degree murder. As relief in this civil action, Plaintiff requests that the Defendants be found jointly and severally liable and that his conviction for attempted third degree murder be "vacated, set aside and declared null and void." ECF No. 1-1, ¶59.

Plaintiff's i.f.p. motion and complaint were initially referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation ("R&R") in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrates. On August 5, 2019, Judge Lanzillo issued a Magistrate Judge's R&R recommending that Plaintiff's motion for leave to proceed *in forma pauperis* be granted and the complaint be dismissed as frivolous. ECF No. [2]. As to the recommended dismissal, the Magistrate Judge reasoned that Plaintiff was improperly attempting, through this civil rights lawsuit, to challenge the "fact or duration" of his confinement – relief that is available solely through a federal habeas corpus proceeding. *See* ECF No. 2 at 3 (citing authority). Judge Lanzillo therefore recommended that the instant proceeding be dismissed without prejudice to Plaintiff's ability to pursue his allegations by way of a habeas corpus petition. *Id.* Plaintiff filed objections to the R&R on August 19, 2019. ECF No. 4.[1]

---

[1] The Court acknowledges three additional documents that Plaintiff filed after the Magistrate Judge issued his R&R: (i) a "Motion to Remand and/or Alternatively Notice of Removal" (ECF No. [3]), filed on August 8, 2019; (ii) a "Motion for Corrections" (ECF No. [5]), filed on September 11, 2019; and (iii) a "Petition by Permission to Motion for Order" (ECF No. [6]), filed October 17, 2019.
    The first two documents relate to an entirely separate state court proceeding that Plaintiff commenced on May 10, 2019 in the Erie County Court of Common Pleas, through the filing of an "Exigent Petition" directed against a number of unrelated respondents. ECF No. [3], ¶1(01)-

In his objections, Plaintiff essentially restates his argument as to why his underlying conviction was void *ab initio*. Plaintiff fails, however, to address the central defect identified by the Magistrate Judge – i.e., he has chosen the wrong *procedural vehicle* by which to make the argument that his underlying conviction is invalid. Moreover, even if Plaintiff is seeking monetary damages or some other form of relief not available through habeas corpus proceedings, his §1983 action is still barred under the holding of *Heck v. Humphrey,* 512 U.S. 477 (1994), inasmuch as the nature of Plaintiffs' §1983 claims necessarily calls into question the validity of his underlying state court conviction. *See id.* at 486-87 (holding that, in order for a 42 U.S.C. §1983 plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment," he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

---

(02). In that proceeding, Plaintiff alleged that the respondents violated his constitutional rights by unlawfully seizing money from his inmate account. *See* ECF No. [5], ¶6. Through his "Exigent Petition," Plaintiff "sought leave to remove the action from State to Federal Court," where he hoped to obtain review by "a Three Judge panel under 28 U.S.C. §2381, Federal Rules of Civil Procedure 81(c) and temporary Counsel[.]" ECF No. [3], ¶1(04). However, the state court judge dismissed the "Exigent Petition," with prejudice, on June 3, 2019, on the grounds that the petition was "frivolous" and did "not contain a cognizable legal claim." ECF No. 3, ¶7. Thus, at the time that Plaintiff filed his "Motion to Remand and/or Notice of Removal" in this Court, there was no longer a pending state court proceeding to remove. Accordingly, the motion to remand will be dismissed as moot.

In his "Motion for Correction," Plaintiff acknowledges that the "Motion to Remand and/or Notice of Removal" involves a separate proceeding that should not have been docketed at this civil case number. ECF No. [5], ¶¶5-7. Accordingly, he requests that the Court "separate both actions and enter an Order to Respondents to show cause why any of Plaintiff [sic] relief should not be granted." *Id.* at 2. Given the state court's dismissal of Plaintiff's "Exigent Petition," the undersigned will dismiss the "Motion to Remand and/or Alternatively Notice of Removal" as moot.

Plaintiff's third filing -- the "Petition by Permission to Motion for Order" -- contains a number of disjointed assertions, along with various exhibits that relate to Plaintiff's underlying criminal proceedings. To the extent this document includes any coherent assertions relating to the claims that are being asserted in this civil action against Defendants Daneri, Wolf, Shapiro, and Clark, the Court has considered them in conjunction with Plaintiff's objections to the R&R. Ultimately, however, the Court finds nothing in the Petition that undermines the Magistrate Judge's analysis or recommendations. Accordingly, the Petition will be denied.

called into question by a federal court's issuance of a writ of habeas corpus"); *Thompson v. Pennsylvania Bd. of Prob. & Parole*, No. 19-1132, 2019 WL 4597627, at *1 (3d Cir. Sept. 23, 2019) ("In *Heck*, the Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if it calls into question the lawfulness of her conviction or confinement, unless she can demonstrate that the conviction or sentence has already been invalidated.").

Alternatively, even if the Court were to construe Plaintiff's pleading as a *de facto* petition for a writ of habeas corpus under 28 U.S.C.§2254, the Court would be constrained to dismiss the petition for lack of subject matter jurisdiction. Because Plaintiff has previously filed at least one prior §2254 petition, *see Sirera v. DiGuglielmo,* Civil No. 3:CV-06-0604, 2006 WL 2038391 (M.D. Pa. July 18, 2006), he must obtain authorization from the United States Court of Appeals for the Third Circuit before he can file a second or successive petition. *See* 28 U.S.C. §2244(b)(3)(A); *see also Sierra v. Kane*, No. 3:CV-17-1584, 2017 WL 6055343, at *3 (M.D. Pa. Dec. 7, 2017) (dismissing plaintiff's second §2254 petition for lack of jurisdiction under 28 U.SC. §2243(b)(3) and denying a certificate of appealability), *reconsideration denied*, No. 3:CV-17-1584, 2018 WL 1123719 (M.D. Pa. Mar. 1, 2018), *and certificate of appealability denied sub nom. Sierra v. Attorney Gen. Pennsylvania*, No. 18-1150, 2018 WL 3583065 (3d Cir. Mar. 23, 2018).

In sum, after *de novo* review of the complaint and documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 30th day of October, 2019;

IT IS ORDERED that the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [1], shall be and, hereby is GRANTED, and the Clerk is directed to file the complaint.

The Court having reviewed the complaint in accordance with the requirements 28 U.S.C. §1915 and §1915A, and the undersigned having found that the complaint is frivolous and/or otherwise fails to state a claim upon which relief can be granted, IT IS ORDERED, pursuant to 28 U.S.C. §1915(e)(2), that the complaint shall be, and hereby is, DISMISSED without prejudice to Plaintiff's ability to seek leave from the United States Court of Appeals for the Third Circuit to file a successive petition for habeas corpus relief under 28 U.S.C. §2254.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on August 5, 2019, ECF No. [2], shall be, and hereby is, adopted as the opinion of this Court.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Remand and/or Alternatively Notice of Removal" (ECF No. [3]) and Plaintiff's "Motion for Corrections" (ECF No. [5]) shall be, and hereby are, DISMISSED as moot. Plaintiff's "Petition by Permission to Motion for Order" (ECF No. [6]) shall be, and hereby is, DENIED. There being no further motions or claims pending before this Court in the above-captioned civil action, the Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge

cc: Antonio Sierra
DV0686
SCI Albion
10745 State Route 18
Albion, PA 16475
(via U.S. Mail)

The Honorable Richard A. Lanzillo (via CM/ECF)

6